UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CARS (CITIZENS AGAINST RETAIL SPRAWL),                    04-CV-0328E(Sr)
  by George Ciancio, its President,
GEORGE J. CIANCIO,
GEORGE C. FRANKE,
LAWRENCE F. HELMINIAK,
DAVID & MARY ALYS KRATZKE,
SHARON CRAMER & LESLIE MORRIS,
BRIAN & HELEN BORZYNSKI,
LUCILLE & DENIS MARSH,
CAROLYN L. BAKER,
MARY CICH,
ROBERT J. SMACZNIAK,
JEROME J. KUCHARSKI,
JERRY & IDA SAWYER,
NANCY PIENIAZEK,
TERRENCE & KATHLEEN RICHARD,
JAMES P. HEISLER,                                         MEMORANDUM
RONALD J. SZYPAJLO,
STEPHEN & LUCILLE STAWICKI,                                       and
RUTH & NORMAN JOHNSON,
CARLEEN BLAKE RYAN,                                           ORDER[1]
GARY & MARIETA RONALD,
JOY THRUN,
WALTER & VIRGINIA WOJDYLA,
FRANK & ANTOINETTE VOLPE,
FRANK & MARLENE TODARO and
ENRICO & DOMENICA BENEDETTI,

               Plaintiffs,
    -vs-

THE UNITED STATES ARMY CORPS OF ENGINEERS
and UNITED STATES OF AMERICA,

             Defendants.

_____

_____

    [1]This decision may be cited in whole or in any part.

<u>BACKGROUND</u>

This action concerns a motion to intervene in a dispute over construction of a 35-acre retail shopping area in Lancaster, New York, known as the Gateway Centre ("the Site").  Plaintiffs, Citizens Against Retail Sprawl ("CARS") and named individuals, commenced this action on April 29, 2004, alleging violations of the Federal Water Pollution Control Act ("Clean Water Act"), 33 U.S.C. §1251 *et seq*., in the construction of the Site. The Plaintiffs' first two claims for relief, which were asserted against several non-federal developer defendants, were dismissed by this Court on December 23, 2005 for lack of subject matter jurisdiction.  (Dkt. #39).  Currently pending resolution are the Plaintiffs' third through sixth claims for relief asserted against the United States Army Corps of Engineers.  These claims seek reversal of a January 2003 administrative decision by the Army Corps of Engineers to issue a development permit for the Site to former developer defendant, NEC Transit William ("NEC").

On January 11, 2006, Wal-Mart Stores East ("Wal-Mart") acquired 24 acres of the Site from NEC, along with easements, development rights and assignment of the development permit. Wal-Mart did not intervene in the litigation at that time.

On November 29, 2006, this Court issued a stay of the proceedings upon the request of counsel for both the plaintiffs and defendants.  (Dkt. #42).  At the conference on the issuance of the stay, counsel represented to this Court that the

Site had been sold to a non-party and that the existing parties were unaware whether the new owner intended to develop the property.  The Court had not been made aware that the new owner was Wal-Mart and that Wal-Mart had already began preparations to develop the site.   Based on the limited representations made during the conference, this Court issued a stay of the proceedings until the permit expired or until the new owner either sought a transfer of the permit or began development of the Site.

On March 16, 2007, Wal-Mart filed a motion to intervene and on August 8, 2007, this Court issued an order lifting the stay.  Presently before this Court is Wal-Mart's motion to intervene.

## DISCUSSION

In order to qualify for intervention as of right pursuant to Federal Rules of Civil Procedure ("FRCvP") 24(a)(2), a proposed intervener must satisfy four requirements: (1) that its motion to intervene is timely, (2) that it claims an interest relating to the subject matter of the action, (3) that its interest may be impaired by the disposition of the action and (4) that its interest is not adequately protected by an existing party.  *Restor-A-Dent Dental Lab., Inc.* v. *Certified Alloy Prod., Inc.*, 725 F.2d 871, 874 (2d Cir. 1984).  All four of the above requirements must be met before a party may intervene as of right.  *Washington Elec.* v. *Mass. Mun. Wholesale Elec.*, 922 F.2d 92, 96 (2d Cir. 1990).

The first requirement to intervene as of right is the filing of a timely motion to do so. Determining whether a motion to intervene is timely is determined from the totality of the circumstances and is within the sound discretion of the trial judge. *United States* v. *Pitney Bowes*, Inc., 25 F.3d 66, 70 (2d Cir. 1994). Timeliness considers more than strict chronology. *Compare Werbungs Und Commerz Union Austakt* v. *Collectors' Guild, Ltd.*, 782 F. Supp. 870 (S.D.N.Y. 1991) (application timely when filed almost two years after movant became aware of its interest in the case because movant's interest was not directly affected until shortly before it moved to intervene) *with Nat'l Ass'n for the Advancement of Colored People* v. *New York*, 413 U.S. 345, 366-69 (application untimely when filed four months after suit commenced). "Among the circumstances generally considered are: (1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *Pitney Bowes*, 25 F.3d at 70.

In the present case, the plaintiffs and Wal-Mart dispute the timeliness of Wal-Mart's motion to intervene. Plaintiffs maintain that Wal-Mart had notice of its interests for at least fourteen months, measured from January 11, 2006, when it acquired the property rights in the Site, to March 16, 2007, when it moved to intervene. Wal-Mart maintains that the relevant time period should be three and

one half months, measured from November 29, 2006, when this Court stayed the proceedings, to March 16, 2007, when Wal-Mart moved to intervene.

This Court finds that the later date is more appropriate because it was not until November 29, 2006, when this Court stayed the proceedings that Wal-Mart's ability to develop the Site was jeopardized.  Prior to the issuance of the stay, the federal defendants appeared to be preparing to defend the Army Corps of Engineers' issuance of the permit.  However, after the stay was granted, it became clear that the federal defendants were willing to wait out the expiration of the permit and at this point Wal-Mart should have taken notice that its interests were in jeopardy.

Furthermore, the prejudice to Wal-Mart if its motion is denied is quite significant.  Wal-Mart has already committed nearly $8 million toward the development of the Site and has entered into numerous contracts in preparation for development.  By contrast, the existing parties face little prejudice from any delay if Wal-Mart is allowed to intervene.  In fact, the existing parties' previous acquiescence to the stay suggests that the existing parties do not have the same desire to achieve a prompt resolution.

In addition, an unusual factor militating for a finding of timeliness exists in this case.  Wal-Mart currently faces the threat of its development permit expiring in part because of delays attributable to this Court's issuance of a stay of the proceedings based on incomplete representations by counsel for the existing

parties. This Court issued the November 29, 2006, stay under the premise that the then unidentified new owner of the Site had made no indication as to whether he or she intended to develop the site. If this Court had been aware at that time that the new owner was Wal-Mart and that it had already began preparations for development, it is unlikely that the Court would have issued the stay and Wal-Mart would not be currently facing the expiration of its permit. Thus, a finding of timeliness in Wal-Mart's favor is appropriate in this case.

The second requirement for intervention as of right — *i.e.*, "that the applicant claims an interest relating to the property or transaction which is the subject of the action" (FRCvP 24(a)(2)) — "requires that the interest be direct, substantial, and legally protectable. An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *Washington Elec.*, 922 F.2d at 96-97. Wal-Mart easily satisfies this requirement. As the owner and developer of the property for which the disputed permits have been issued, Wal-Mart has a direct and substantial interest in this action.

The third requirement for intervention as of right is that "the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect [it's] interest." FRCvP 24(a)(2). Wal-Mart's ability to develop the Site and vindicate its investment is directly connected to the outcome of this litigation. If the permit expires before this

litigation is resolved or this Court reverses the Army Corps of Engineers issuance of the permit, Wal-Mart will be unable to develop the Site.  Thus, Wal-Mart's ability to protect its interest is clearly dependent on the resolution of this case.

Finally, the applicant must show that the existing parties will not adequately represent its interests.  *See United States Postal Serv.* v. *Brennan*, 579 F.2d 188, 191 (2d Cir. 1978).  The applicant for intervention as of right bears a "minimal" burden of showing that representation may be inadequate.  *Ibid*. (*citing Trbovich* v. *United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972)).

In the present case, Wal-Mart argues that representation by the federal defendants may be inadequate because they lack the same incentive to pursue the case to a timely conclusion.  In opposing Wal-Mart's intervention, Plaintiffs argue that Wal-Mart has failed to show that it can help this Court to reach a more rapid disposition of this case on the merits.  Plaintiffs' argument misstates the minimal burden that Wal-Mart must meet.

In *Kentuckians for the Commonwealth* v. *Rivenburgh*, 204 F.R.D. 301 (S.D. W. Va. 2001), an environmental organization brought suit against officers of the Army Corps of Engineers challenging its issuance of a dredge-and-fill permit under the Clean Water Act.  The Court granted motions to intervene brought by "an association composed of members of the regulated industry" and "an owner and lessor of *** the particular surface and mineral rights at issue" on the grounds that "movants have interests in the action that are divergent from [the

federal defendants], who are regulators, such that representation of their interests may be inadequate." *Id*. at 306.

In the case at hand, Wal-Mart also meets its minimal burden of showing that representation by the federal defendants "may be inadequate." *See United States Postal Serv.*, 579 F.2d at 191. Wal-Mart's interest in a rapid disposition of this matter appears to be at odds with the federal defendants pursuit of a stay because the federal defendants do not have a direct interest in getting the permit upheld before its expiration. In addition, Wal-Mart's interests as a developer diverge from the federal defendants interests as regulators. *See Kentuckians for the Commonwealth*, 204 F.R.D. at 306.

Accordingly, it is hereby **ORDERED** that Wal-Mart's motion to intervene is granted.

DATED:     Buffalo, N.Y.

September 18, 2007

_____/s/ John T. Elfvin_____
JOHN T. ELFVIN
S.U.S.D.J.